UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PEREGRINE FALCON LLC, Trustee of the Peregrine Falcon Leasing Trust, and FAST ENTERPRISES, LLC, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PIAGGIOA AMERICA, INC, a Delaware corporation, and CHARLIE BRAVO AVIATION, LLC, a Texas limited liability company,<br><br>Defendant. | Case No. 1:15-cv-00568-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a Motion to Stay (Dkt. 40-1) from defendant Piaggo America, Inc. The motion is fully briefed and at issue. For the reasons explained below, I will grant Piaggio's motion to stay, allowing the Ninth Circuit to review this Court's ruling on personal jurisdiction and the motion to compel arbitration. If the Ninth Circuit dismisses the jurisdiction appeal, however, the action will not be further stayed to await the outcome of the arbitration appeal.

## BACKGROUND

On December 21, 2012, Charlie Bravo Aviation, LLC ("CBA") entered into a sales agreement (Agreement No. 1) to purchase a custom-built P. 180 Avanti II aircraft

MEMORANDUM DECISION AND ORDER - 1

manufactured by Piaggio America, Inc. *See Piaggio/CBA Agreement*, Dkt. 7-1. Section 7, paragraph D of the agreement stated that "any controversy or claim between the parties arising out of or relating to this Agreement, or the breach thereof, shall be governed by Florida law and settled by arbitration in Miami, FL. . . ." *Id*. CBA and Piaggio – the principal parties in the agreement – both signed Agreement No. 1. Fast Enterprises and Peregrine Falcon – the third parties in the agreement – did not sign Agreement No.1.

Also on December 21, 2012, CBA immediately contracted to sell the Plane to Fast (Agreement No. 2). *See generally Decl. James Harrison, Exhibit 1-CBA/Fast Agreement*, Dkt. 32-1. Like Agreement No. 1, Agreement No. 2 included an identical choice of law and arbitration clause that required the application of Florida law and mandated arbitration in Miami, Florida. *Id*. Fast and CBA were the principal parties of Agreement No. 2.

Following a dispute over the performance of the Plane's landing gear, Fast and Peregrine sued CBA and Piaggio for damages resulting from the plane crash. On August 24, 2016, I denied CBA and Piaggio's motion to dismiss for lack of personal jurisdiction (Dkt. 36). I also determined that the arbitration clause in Agreement No. 2 (CBA/Fast Agreement) is enforceable against Plaintiffs, requiring arbitration in Miami, Florida, applying Florida law. *Id*. Thus, Plaintiffs' claims against CBA were dismissed to permit arbitration in Florida. For Plaintiffs' claims against Piaggio, however, I denied Piaggio's motion to compel arbitration (Dkt. 7), determining that the arbitration clause in Agreement No. 1 is not enforceable against the Plaintiffs.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides for immediate appellate review of an order denying a motion to compel arbitration and refusing to stay judicial proceedings pending arbitration. 9 U.S.C. § 16(a)(1)(A)-(B). Moreover, as part of such an interlocutory appeal, the court of appeals may exercise pendent jurisdiction over any "otherwise non-appealable ruling [that] is 'inextricably intertwined' with or 'necessary to ensure meaningful review of' the order properly before [the court of appeals] on interlocutory appeal." *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005). Thus, it is clear that the Ninth Circuit has jurisdiction to immediately consider my decision denying the motion to compel arbitration; but, it is less clear the Circuit will exercise pendent jurisdiction to hear the appeal of my decision denying the motion to dismiss for lack of personal jurisdiction.

When a party files a notice of interlocutory appeal, "jurisdiction over the matters being appealed normally transfers from the district court to the appeals court." *Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001). However, this is true only of the issues actually appealed. "Absent a stay, … an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990). For example, the filing of an interlocutory appeal of a district court's decision to deny a motion to compel arbitration does not strip the district court of

jurisdiction to proceed with the case on the merits. *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990).

On the other hand, the appeal of a decision denying a motion to dismiss for lack of jurisdiction does preclude the district court from proceedings with a resolution of the case on the merits. Thus, much turns upon whether the Ninth Circuit will exercise pendent jurisdiction to hear the appeal of my decision denying the motion to dismiss for lack of personal jurisdiction. If the Ninth Circuit does hear the appeal of that issue, I am deprived of jurisdiction to proceed during the pendency of the appeal. On other hand, if the Circuit declines to exercise pendent jurisdiction over that issue, I may proceed to consider the merits of the case unless I'm persuaded that I should exercise my discretion to stay the proceedings during the pendency of the arbitration appeal.

## ANALYSIS

**1.      Pendent Jurisdiction**

Under 9 U.S.C. § 16, Piaggio has the right to pursue an interlocutory appeal of the district court's denial of the motion to compel arbitration. Furthermore, the court of appeals may exercise pendent jurisdiction over any "otherwise non-appealable ruling [that] is 'inextricably intertwined' with or 'necessary to ensure meaningful review of' the order properly before [the court of appeals] on interlocutory appeal." *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1134 (9th Cir. 2005).

**A.      *Inextricably Intertwined***

It is unnecessary to determine whether Piaggio's challenges to arbitration and jurisdiction are "inextricably intertwined," because I am persuaded, based upon its prior decisions, that the Ninth Circuit will conclude that reviewing personal jurisdiction is necessary to "ensure meaningful review" of the arbitration appeal. *Id*.

B.     *Necessary to Ensure Meaningful Review*

The Ninth Circuit has applied pendent jurisdiction where reviewing the pendent issue is necessary to ensure meaningful review of the appealable issue. *Puente Arizona v. Arpaio*, 821 F.3d 1098, 1109 (9th Cir. 2016). This is true when the pendent issue "implicates the very power the district court used to issue the rulings under review." *Id*. To that end, the appellate court can properly exercise its pendent jurisdiction to address issues such as subject matter or personal jurisdiction during the interlocutory appeal of other issues.

To illustrate, in *Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003), the Ninth Circuit determined that reviewing the district court's jurisdiction to hear the case was necessary to ensure meaningful review.  This is so because the existence of jurisdiction goes to the very power of the trial court to issue the rulings being reviewed on appeal. *Id.* at 816 (citing *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 269 (2nd Cir. 1999).  Moreover, the trial court's lack of personal or subject matter jurisdiction would, ostensibly, apply equally to the circuit court.  And, if the circuit court lacked jurisdiction to hear the case, "they [could] not review the merits of the properly appealed rulings."

Here, the original order settled two issues: arbitration and personal jurisdiction. (Dkt. 36) In order to review the arbitration question, the Ninth Circuit must first determine that I had jurisdiction to consider the matter, and whether they have jurisdiction to hear the appeal. This makes it likely, based upon the Ninth Circuit's precedent, that the Ninth Circuit will exercise pendent jurisdiction over the jurisdiction appeal. If the Circuit takes up the jurisdictional matter, it will deprive me of any authority to proceed with the case and require that all proceedings here be stayed pending a decision on the jurisdictional issue.

**2.      Staying the Proceedings as an Exercise of Discretion.**

Of course, the Ninth Circuit may, at an early stage in the appeal, decline to exercise its pendent jurisdiction to hear the appeal of the personal jurisdiction issue. In that case, I would then be free to address the merits of the case, unless I exercise my discretion to stay the proceedings until the interlocutory appeal is fully resolved.

Granting a stay is "an exercise of judicial discretion" that is "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433, (2009). The Supreme Court suggested in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) that the trial court, in exercising its discretion, should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

The Ninth Circuit has suggested that the *Hilton* factors should be applied using a "sliding scale" approach in which a stronger showing of one element may offset a weaker showing of another. *Peck Ormsby Const. Co. v. City of Rigby*, No. CIV. 1:10-545 WBS, 2012 WL 914915, at *3 (D. Idaho Mar. 15, 2012). The moving party bears the burden of showing that the circumstances justify an exercise of the court's discretion, and must show at least a minimum threshold for each factor. *Nken*, 556 U.S. at 434. However, the "first two factors…are the most critical." *Id*.

A.      ***Likelihood of Success on the Merits***

In order to prevail on this factor, Piaggio must show that it has a "reasonable probability" of prevailing, or that the appeal raises "serious legal questions". *Leiva-Perez v. Holder*, 640 F.3d 962, 966-967 (9th Cir. 2011). To avoid doling out "justice on the fly," the district court generally will not rigidly apply this factor. *Nken* 556 U.S. at 427. 1757.

First, Piaggio has only shown a minimal likelihood of success on prevailing on the arbitration claim.[1] As stated in my original order, there is no doubt that Peregrine and Fast were not "parties" to Agreement 1, and the language of Agreement 1 made clear that its provisions only applied to the parties. (Dkt. 36 at 19-20).

---

[1] Because the *Hilton* issues will only come into play if the Ninth Circuit declines to exercise its pendent jurisdiction to hear the personal jurisdiction appeal, I will only discuss and consider the likelihood of Piaggio succeeding on its appeal of my decision denying the motion to compel arbitration.

Second, Piaggio has only raised luke-warm legal questions. Idaho law dictates that "if a third party beneficiary does not sign an agreement which compels arbitration as to the parties, then the third party beneficiary is not bound to arbitrate." *Id* at 19; *Lewis v. CEDU Educational Services Inc.*, 15 P.3d 1147 (Idaho 2000); *Rath v. Managed Health Network, Inc.*, 844 P.2d 12 (Idaho 1992). While the manner by which Fast became a third party beneficiary is different than in *Lewis* and *Rath,* the differences are not significant, and do not suggest that the plaintiffs, as non-signatories, are nonetheless bound by the terms of Agreement 1.  I am unconvinced there is a reasonable probability that the Ninth Circuit will reverse my decision based upon Piaggio's novel interpretation of Idaho law.

**B.     *Irreparable Injury to Piaggio***

Next, I must consider the degree of irreparable harm to Piaggio if I deny the motion to stay and Piaggio prevails on interlocutory appeal. Generally, courts hold that the moving party satisfies this factor in the context of appealing a denied motion to compel arbitration; should the moving party's appeal succeed, the court has essentially imposed unnecessary litigation costs upon them. *Peck Ormsby*, 2012 WL 914915, at *4.

If the moving party has made a strong showing of a reasonable probability of success on appeal, they will usually prevail on this factor. *Steiner v. Apple Computer, Inc.*, No. C 07-04486 SBA, 2008 WL 1925197, at *5 (N.D. Cal. Apr. 29, 2008). However, as in this case, if the moving party has merely shown that their appeal addresses serious legal questions, they must make a strong showing on this second factor, "which will turn on the facts and circumstances of each case." *Id*.

At best, Piaggio has merely raised "serious legal questions. Nevertheless, I will consider the extent of any injury which Piaggio may suffer if compelled to proceed with litigation during the pendency of the appeal.

Here, Piaggio argues that they have bargained for the reduced expenses of resolving this issue in arbitration proceedings, and any pre-trial litigation would deprive them of this benefit. Indeed, commencing discovery in Federal court would be more expensive than doing so in arbitration. Thus, if Piaggio's appeal is successful, they will have suffered irreparable harm because it will have lost the benefit for which they bargained.[2]

Piaggio also argues that denying the stay would expose them to the possibility of managing parallel proceedings. Similarly, if Piaggio's appeal is successful, this would constitute irreparable harm because Piaggio has once again lost the forum-choice benefit for which they bargained. This factor is less convincing because the parallel proceedings are not certain to occur, and "a showing of some possibility of irreparable injury is insufficient." *Nken*, 129 S.Ct. at 1761.

However, on balance, I conclude that Piaggio has shown that it will suffer some measure of irreparable harm if it is successful on appeal.

    **C.**    ***Injury to Other Parties***

---

[2] At least some discovery must happen in arbitration proceedings as well. Any discovery performed in Idaho would presumably be transferrable to the arbitration court, which would somewhat mitigate this harm.

**MEMORANDUM DECISION AND ORDER - 9**

Third, I must determine whether issuing a stay would substantially injure the plaintiffs, Fast and Peregrine. Fast and Peregrine contend that staying the case will force them into "a lengthy holding period that they did not bargain for," will muddle discovery efforts, and may result in key players forgetting important details. (Dkt. 44 at 18-19) Fast and Peregrine's concerns are convincing. *Id*.

Piaggio, on the other hand, correctly points out that the insurer for the company that employed the pilots operating the plane has paid for its repair (Dkt. 40-1 at 17). Put simply, a stay would not deprive Fast and Peregrine of the use of the plane.

Ultimately, Fast and Peregrine prevail on this factor. Staying the case for potentially two years will almost certainly make discovery efforts more challenging and costly. And, the damage caused by faltering memories would be irreparable.

The potential for injury to Fast and Peregrine, however, is limited to discovery. Once trial is set to begin, a stay would likely be of no legitimate concern to Fast and Peregrine. At that time, Piaggio may renew its motion to stay in order to avoid any potentially unnecessary trial litigation.

D.   *Where the Public Interest Lies*

This factor is inapplicable in this case. The relevant inquiry here is not the impact on the parties, but rather the impact on any non-parties. *Sammartano v. First Judicial Dist. Court, in & for Cty. of Carson City*, 303 F.3d 959, 974 (9th Cir. 2002). Here, the public has little, or no, interest in whether the matter is stayed pending appeal. If anything, there is an interest in judicial efficiency favoring cases moving forward to make

room for others. However, because no public resources are involved, this factor is largely irrelevant.

### E. *Weighing the Factors*

After considering each of the *Hilton* factors, I will deny the motion to stay. First, Piaggio can only show a minimal likelihood of success on the arbitration appeal.  Second, Piaggio does make a strong showing of the irreparable injury that unnecessary litigation would create. Third, staying the proceedings would interfere with timely discovery and may result in an irreparable loss to Fast and Peregrine if the witness's memories begin to fade. Finally, the last factor is a wash. With Piaggio only clearly prevailing on one factor, they have not satisfied their burden of showing that the circumstances justify an exercise of the court's discretion to stay.

## CONCLUSION

I lack jurisdiction to proceed to the merits of this case while the Ninth Circuit is reviewing the personal jurisdiction appeal. However, if the Circuit quickly declines to exercise its pendent jurisdiction and decides to dismiss the personal jurisdiction appeal, I will then have jurisdiction to proceed to the merits while the arbitration appeal is pending.  Under the *Hilton* test, Piaggio has not satisfied their burden of showing that the circumstances justify an exercise of the court's discretion to stay during the pendency of the arbitration appeal.

As trial approaches, Piaggio may renew their motion to stay to avoid unnecessary litigation expenses. At that time, a stay is likely proper.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Stay (Dkt. 40-1) is **DENIED in part** and **GRANTED in part** as explained above.

DATED: July 21, 2017

B. Lynn Winmill
Chief Judge
United States District Court